

**U.S. Department of Justice**

United States Attorney
District of Connecticut

| | |
|---|---|
| *Connecticut Financial Center* <br> *157 Church Street, Floor 25* <br> *New Haven, Connecticut 06510* | *Telephone: (203) 821-3700* <br> *Fax: (203) 773-5376* <br> *www.usdoj.gov/usao/ct* |

April 27, 2018

Gerald M. Klein
Attorney at Law
21 Oak Street, Suite 308
Hartford, CT 06103

Re: <u>United States v. Mariusz Saar</u>
Crim. No. 3 18 CR-86 (JBA)

Dear Attorney Klein:

This letter confirms the plea agreement, made pursuant to Fed. R. Crim. P. 11(c)(1)(C), entered into between your client, Mariusz Saar ("the defendant") and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Count One of the Information charging him with failure to maintain firearms records in violation of 18 U.S.C. §§ 922(m), 924(a)(3)(B) and 2.

The defendant understands that to be guilty of this offense the following essential elements must be satisfied:

1. That SAAR Corporation was a federally licensed firearms manufacturer at the time the alleged offense occurred;

2. That SAAR Corporation knowingly failed to make an appropriate entry in, made a false entry in, or failed to maintain the firearm records it was required by federal law to maintain; and

3. That the defendant aided and abetted that failure.

1

## THE PENALTIES

### Imprisonment

The offense charged in Count One of the Information carries a maximum penalty of one year in prison.

### Supervised Release

Pursuant to 18 U.S.C. § 3583(b), the Court may impose a maximum term of supervised release of one year to begin following any term of imprisonment imposed. The defendant understands that should he violate any conditions of supervised release during its term, the Court may impose an additional term of imprisonment of up to one year per violation pursuant to 18 U.S.C. §3583 with no credit for the time already spent on supervised release.

### Fine

This offense carries a maximum fine of $100,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $100,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $25.00. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## FORFEITURE

Pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States his interest in the following firearms:

1. Manufacturer: SAAR Corp, Model: G1 Carbine, Serial Number: X0001, Caliber 5.56mm, Type: Machine Gun

*Attorney Gerald M. Klein*
*April 27, 2018*

2. Manufacturer: SAAR Corp, Model: G1 Carbine, Serial Number: X0002, Caliber 5.56mm, Type: Machine Gun
3. Manufacturer: SAAR Corp, Model: G1 Carbine, Serial Number: X0003, Caliber 5.56mm, Type: Machine Gun
4. Manufacturer: Unknown, Model: Unknown, Serial Number: S75513A, Caliber Unknown, Type: Frame (Revolver Type)
5. Manufacturer: Unknown, Model: Unknown, Serial Number: NONE, Caliber Unknown, Type: Frame (Revolver Type)
6. Manufacturer: Unknown, Model: Unknown, Serial Number: NONE, Caliber Unknown, Type: Receiver (Shotgun Type)
7. Manufacturer: Unknown, Model: Unknown, Serial Number: NONE, Caliber Unknown, Type: Frame (Pistol Type)
8. Manufacturer: Unknown, Model: Unknown, Serial Number: PL121398, Caliber Unknown, Type: Frame (Pistol Type)

The defendant agrees to waive all interests in the firearms described above ("the forfeitable assets"), in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for each of the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that, by virtue of his plea of guilty, he waives any rights or cause of action to claim that he is a substantially prevailing party for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Guideline Stipulations

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. The following guideline calculations apply to the defendant.

Under U.S.S.G. § 2K2.1(a)(8), the base offense level is 6 because the offense of conviction in this case is a violation of 18 U.S.C. § 922(m). After a two-level reduction for acceptance of responsibility, the total offense level is 4.

4

Based on an initial assessment, the parties agree that the defendant has not accumulated any criminal history points and falls within Criminal History Category I. The parties reserve the right to recalculate the defendants' Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Assuming a Criminal History Category, I, a total offense level of 4 would result in a guideline range of 0-6 months' imprisonment (sentencing table) and a fine range of $500 to $9,500 (U.S.S.G. § 5E1.2(c)(3)). Pursuant to the binding nature of the agreement of the parties set forth below, the defendant will seek a sentence of probation, and, in consideration of the plea agreement and other promises made by the defendant herein, the Government will not oppose a probationary sentence. Pursuant to 18 U.S.C. §3561, the parties agree that the Court may imposed a term of probation of up to 5 years.

In consideration of his plea to a misdemeanor offense and other promises made by the Government herein, the defendant further agrees as follows. First, the defendant agrees to the imposition of a fine of $50,000 as part of the sentence imposed in this matter and further agrees that a fine of $50,000 is sufficient but not greater than necessary to achieve the purposes of a criminal sentence under 18 U.S.C. § 3553(a). With respect to payment of said fine, the defendant agrees that, on the date of his guilty plea, he will deposit $50,000 in certified funds with the Clerk of the Court, to be held by the Clerk of the Court pending sentencing and the issuance of a judgment. Second, as part of the conditions of probation to be imposed, the defendant agrees (1) not to challenge ATF's revocation of SAAR Corporation's federal firearms license, and (2) to cooperate with ATF in ensuring that once the license revocation has become effective, SAAR Corporation's required records are as complete and accurate as possible, and are delivered to ATF in a timely manner, as required by the Gun Control Act.

Finally, in further consideration of this plea agreement, and subject to the following paragraph, the defendant understands and agrees that he cannot be a responsible person on the license of any federal firearms licensee (FFL) and cannot possess the powers with respect to an FFL which would cause him to be a responsible person in fact, regardless of whether he is listed as a responsible person for that license. A responsible person is any individual possessing, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of a corporation, partnership, or association, insofar as they pertain to firearms. The defendant understands and agrees that his possession of the powers of a responsible person with respect to an FFL puts him in violation of this plea agreement and might subject the FFL to revocation. Additionally, the defendant understands and agrees that he may not personally engage in or serve in a supervisory capacity, *i.e.*, in a capacity involving other employees reporting directly to him, over the process of (1) physically manufacturing Gun Control Act (GCA) or National Firearms Act (NFA) firearms by an FFL or (2) maintaining records required of an FFL under the GCA or NFA.

Nothing in this agreement shall preclude the Government from pursuing criminal charges against any other current or former SAAR Corporation employees as may be appropriate.

In the event the Probation Office or the Court contemplates any sentencing calculations

different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## Plea Agreement Pursuant to Rule 11(c)(1)(C)

The defendant and the Government agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that a sentence of probation, a fine of $50,000, and the conditions of probation agreed to by the parties above, in addition to any others that may be imposed by the Court, is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. § 3553(a). The defendant and the Government agree that under the circumstances of this case, the defendant could otherwise have been subjected to more severe penalties for potential felonies.

In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the Court accepts this plea agreement, the Court must include the agreed disposition in the judgment. Pursuant to Fed. R. Crim. P. 11(c)(5), if the Court rejects this plea agreement or the agreed-upon sentencing stipulation, the defendant shall be afforded the opportunity to withdraw his guilty plea. The defendant understands that he has no right to withdraw his guilty plea as long as the Court imposes a sentence consistent with the terms of the stipulated sentence. The defendant further understands that if the Court rejects the plea agreement, or the agreed-upon sentencing stipulations, the Government may deem the plea agreement null and void.

The defendant and the Government further agree that all other aspects of the sentence, including the determination of the length and conditions of probation, other than those conditions already agreed to by the parties as set forth in the stipulations above, about which the parties intend to make recommendations, will be left to the discretion of the Court.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the

assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask questions about the offense to which he pleaded guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed five years' probation, and a fine of $50,000 and a special assessment of $25, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the

undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and himself (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges their complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

### SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

### COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of the offense to which he has pleaded guilty. The defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of these convictions. The parties agree that this conviction does not disqualify the defendant from lawfully possessing a firearm or possessing a pistol or firearm license or permit.

### SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of Connecticut as a result of his participation in the offense which forms the basis of the Information in this case. In particular, the defendant has satisfied his federal criminal liability as a result of the findings by the Bureau of Alcohol, Tobacco, Firearms and Explosives during an inspection of SAAR Corporation's facilities in or about December 2015 and

*Attorney Gerald M. Klein*
*April 27, 2018*

the ensuing investigation, except in the event that the defendant breaches any promises made in this plea agreement.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engage in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his plea of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

PATRICIA STOLFI COLLINS
ASSISTANT U.S. ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment or had it read or translated to him, that he has had ample time to discuss this agreement and its attachment with counsel and that he fully understands and accept its terms.

MARIUSZ SAAR                                    4/27/18
                                                Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment to my client who advise me that he understands and accept its terms.

GERALD M. KLEIN                                 4/27/18
Attorney for the Defendant                      Date

9

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information referenced in this Plea Agreement:

On or about November 2, 2015, ATF Industry Operations Investigators (IOIs) performed a firearms compliance inspection of SAAR Corporation, at 81 Spring Lane, Farmington, Connecticut. At the time, the defendants, Luke Saar and Mariusz Saar were the "responsible persons" with respect to the federal firearms license for SAAR Corporation. SAAR Corporation manufactured firearms frames and receivers for other federal firearm licensees who built the frames and receivers obtained from SAAR into fully functioning firearms by adding other components (e.g. barrel, trigger, etc.). The frame or receiver of a firearm is the part of the firearm that provides housing for the hammer, bolt, or breechblock, and the firing mechanism. *See* 27 CFR § 478.11. Although a stand-alone frame or receiver cannot fire a round, it is deemed a firearm pursuant to 18 U.S.C. § 921(a)(3)(B).

SAAR Corporation did not maintain proper Acquisition & Disposition (A&D) records for the frames and receivers it manufactured as required pursuant to 18 U.S.C. § 922(m). A review of invoices provided by SAAR Corporation revealed that SAAR Corporation transferred over 40,000 frames or receivers (each considered a firearm under the law) without maintaining the required A&D records. The ATF inspection team, following corrective action taken by SAAR Corporation with respect to the A&D records, was eventually able to account for and ascertain the transfer location of all of these roughly 40,000 frames/receivers despite the lack of A&D records.

The National Firearms Act ("NFA") provides that it is unlawful for any person or entity to possess any NFA-regulated firearm, such as a machine gun, that is not registered to that person or entity. IOIs determined that SAAR Corporation had manufactured, and was knowingly in possession of, three machine guns, as defined in Title 26, United States Code, Section 5845(b), which were not registered to it in the National Firearms Registration and Transfer Record (NFRTR) maintained by ATF. SAAR Corporation failed to register these three machine guns with ATF in the NFRTR and failed to maintain records required by the Gun Control Act reflecting SAAR Corporation's manufacture of these firearms (18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123). These machine guns were turned over to ATF.

Attorney Gerald M. Klein
April 27, 2018

The written stipulation above is incorporated into the preceding Plea Agreement. The defendant and the Government reserve the right to present additional relevant offense conduct and information to the United States Probation Office and the Court in connection with the preparation of any Pre-Sentence Report and sentencing.

_____     4/27/18
MARIUSZ SAAR                           Date
The Defendant

_____
GERALD M. KLEIN, ESQ.
Counsel for the Defendant

_____
PATRICIA STOLFI COLLINS
Assistant United States Attorney